# EXHIBIT 2

credit acceptance

# AGREEMENT ON ALTERNATIVE DISPUTE RESOLUTION ("ADR AGREEMENT")

***This is a very significant Document***

***Read Carefully Before Signing***

1. I understand and agree that certain disputes arising out of or related to my employment with Credit Acceptance Corporation (CAC) or its subsidiaries or affiliates (collectively, the "Company") or the termination of that employment ("Covered Employment-Related Dispute") shall be resolved exclusively through the Company's Alternative Dispute Resolution ("ADR") Policy and Procedure (the "ADR Policy and Procedure"), a copy of which is provided with this ADR Agreement and made a part hereof, and which includes a final and binding arbitration procedure. I agree to abide by the terms of the ADR Policy and Procedure.

2. Specifically, I agree to submit for final and binding resolution, including negotiation, mediation, and binding arbitration, pursuant to the ADR Policy and Procedure, such employment-related dispute involving any claimed adverse employment action, including possible termination, where I assert, in part or whole, wrongful action by the Company, which includes common law tort claims and/or claims under any current or future federal, state and/or local civil rights laws (laws against discrimination); and/or violation of certain described statutes/laws. Such employment-related disputes subject to this Agreement are more fully set forth in the attached ADR Policy and Procedure.

3. I understand that nothing herein prevents me from filing a charge or complaint with the Michigan Department of Civil Rights (MDCR), the Federal Equal Employment Opportunity (EEOC) Commission or any other administrative agency.

4. I understand that I am responsible for reading the full text of the ADR Policy and Procedure which more fully defines the disputes covered by this ADR Agreement, describes the procedure and rights governing the negotiation, mediation and arbitration processes, and sets forth the remedies that I may obtain.

5. I acknowledge that I have received and will read CAC's Alternative Dispute Resolution Policy and Procedure within five (5) days of receipt of it. I will become familiar with and abide by its terms. If I do not understand or agree with any provisions of the Alternative Dispute Resolution Policy and Procedure, I will discuss the provisions with my supervisor and/or personnel in the Company's Human Resources Department within five (5) days from the date of my signing this Alternative Dispute Resolution Agreement.

6. This Agreement on Alternative Dispute Resolution is made in exchange for Credit Acceptance Corporation's consideration of my employment application.

**Applicant's Initials:** Initial SB

credit acceptance

7. I further understand that if I am hired by CAC, I will be an employee-at-will and, as such, my employment may be terminated by me or my employer at any time, for any or no reason with or without notice. Nothing in this Agreement on Alternative Dispute Resolution alters my at-will status.

8. This Agreement on Alternative Dispute Resolutions can only be modified or amended by a writing signed by the parties which specifically states an intent to modify or amend this Agreement on Alternative Dispute Resolution.

9. I understand that by signing this Agreement I am waiving any right that I may have to a jury trial and/or a court trial of such included employment-related disputes. The right to trial and to a trial by jury is of value. I understand that I may want to consult an attorney prior to signing this Agreement, the Company has so advised me of this right; and has given me an opportunity to do so; and to the extent I so chose I have availed myself of that opportunity. However, I understand and agree that my application will not be considered nor will I be offered employment until this form is signed and returned by me.

**I HAVE READ AND UNDERSTAND EACH AND EVERY PROVISION OF THE FOREGOING AND VOLUNTARILY AND KNOWINGLY AGREE TO THE TERMS AND CONDITIONS OF THIS ADR AGREEMENT.**

**APPLICANT'S SIGNATURE**

Signed by:
Sierra Brandon
BF3FA53084704F2...

9/24/2024

Sign Name Date

Sierra Brandon

Print Name

**AGREED TO BY THE COMPANY**

Wendy A Rummler

9/24/2024

Sign Name Date

Wendy A Rummler Chief People Officer

Print Name Title

credit acceptance

# Alternative Dispute Resolution ("ADR") Policy and Procedure

**(For New Employee Applicants Interviewed on or after October 9, 2000)**

## I. <u>Coverage</u>

### A. <u>Generally</u>

This ADR Policy and Procedure is the sole and exclusive method by which an employee ("you", or an equivalent personal pronoun) and the Company (collectively, "the parties") are required to resolve the covered disputes arising out of or related to your employment with the Company or the termination of that employment, each of which, as described below, is referred to as an "employment-related dispute", including such disputes arising out of or related to any of the following subjects:

### B. <u>Covered Claims</u>

1. Any disciplinary action or other adverse employment decision of the Company or any statement related to your employment, your performance or your termination; which action, decision, or statement you claim is wrongful, in violation of, and arises out of or is related to any current or future federal, state or local civil rights laws, fair employment laws, wage and hour laws, fair labor or employment standards laws, laws against discrimination, equal pay laws, wage and salary payment laws, laws in regards to employment benefits or protections, family and medical leave laws, and whistleblower laws, including by way of example, but not limited to, the federal Civil Rights Acts of 1886, 1971, 1964 and 1991, the Age Discrimination in Employment Act of 1967, the Fair Labor Standards Act, the Americans with Disabilities Act of 1990, the Family and Medical Leave Act, and the Employee Retirement Income Security Act, as they have been or may be amended from time to time; or

2. Disputes over the arbitrability of any controversy or claim which arguably is or may be subject to this ADR Policy and Procedure.

### C. <u>Claims Not Covered</u>

1. Claims you may have for workers' compensation or unemployment compensation benefits are not covered by this ADR Policy and Procedure.

2. Also not covered are claims by Credit Acceptance Corporation for injunctive and/or other equitable relief, including but not limited to, claims for unfair competition and/or the use and/or unauthorized disclosure of trade secrets or confidential information, as to which you understand and agree that Credit Acceptance may seek and obtain relief from a court of competent jurisdiction.

3. Claims with an aggregate value of less than one thousand ($1000) dollars are not covered by this ADR Policy and

credit acceptance

**II. Pre-ADR Procedures**

A. **Written Notice of Claim/Timeliness** – In order to initiate an ADR proceeding pursuant to this ADR Policy and Procedure, the aggrieved party must notify the other party by giving written notice of a claim. Written notice of a claim must be provided within one year of the date the aggrieved party first discovers or had knowledge of the event or series of events that give rise to the claim. Failure to provide written notice as required in this Part will extinguish the claim in its entirety and will be deemed a waiver of the claim even if there is a federal or state statute of limitations which would have given more time to pursue the claim. This notice provision is not intended to extend the applicable statute of limitation such that any claims that would be time barred had the claim been brought in a court action, will remain time barred in the arbitration process.

1. The Company will provide written notice to me at the most current address reflected in my personnel file.

2. You will provide written notice to the Company at Credit Acceptance Corporation, Silver Triangle Building, 25505 W. 12 Mile Road, Suite 3000, Southfield, Michigan, 48034-8339. Attention: Corporate Legal and Compliance Department.

3. Any written notice the Company or you provide must be sent by certified or registered mail, return receipt requested. The notice shall be effective on the date it is mailed.

B. **Contents of Written Notice of Claim – The written notice shall contain the following:**

1. A statement describing the claim that is being asserted.
2. A statement of the facts upon which the claim is based; and
3. The damages, if any, which are being claimed.

**III. Step 1: Negotiation**

If you have an employment-related dispute, you should discuss it with your immediate supervisor, or the person to whom your immediate supervisor reports, or your human resources representative. You and the Company shall attempt in good faith to negotiate a resolution of any employment-related dispute.

**IV. Step 2: Mediation**

If an employment-related dispute cannot be settled through negotiation and remains unresolved 15 days after it is asserted, you or the Company may submit the dispute to mediation and the parties shall attempt in good faith to resolve the dispute by mediation, under the mediation procedure of the American Arbitration Association ("AAA"). Unless the parties agree otherwise in writing, the mediation shall be conducted by a single mediator, and the mediator shall be selected from the AAA panel pursuant to AAA rules. The mediation shall be conducted in the city and state in which the Company office in which you work(ed) is located. Unless the parties agree otherwise, the cost of the mediator's reasonable professional fees and expenses and any reasonable administrative fee will be paid by the Company.

credit acceptance

**V. Step 3: Binding Arbitration**

A. Generally any and all claims covered by this ADR Policy and Procedure, not resolved in Steps 1 and 2 above, shall be resolved solely and exclusively through arbitration as provided herein. Except as provided elsewhere in this ADR Policy and Procedure, neither one of us will initiate or prosecute any lawsuit or administrative action (other than an administrative charge of discrimination) that is in any way related to any claim covered by this ADR Policy and Procedure. Either party may compel arbitration pursuant to this ADR Policy and Procedure and may enforce any Arbitration Award made pursuant to the ADR Policy and Procedure in any court of competent jurisdiction.

B. **Preliminary Arbitration Procedures**

1. **Timing/Forum/Location**. If an employment-related dispute cannot be settled through mediation and remains unresolved 45 days after the appointment of a mediator, you or the Company may submit the dispute to arbitration and the dispute shall be settled in arbitration by a single arbitrator in accordance with the applicable rules for arbitration of employment disputes of the then-current Model Employment Arbitration Procedures of the American Arbitration Association ("AAA"). The arbitration shall take place in or near the city and state in which the Company office in which you work(ed) is located.

2. **Representation**. It is understood that both the Company and you have the right to choose – and to be represented by – legal counsel or any other representative at any and all stages of the arbitration proceeding.

3. **Qualification and Selection of the Arbitrator.**

a. **Qualifications –** The Arbitrator ("Arbitrator") selected pursuant to the provisions of this Agreement shall be licensed to practice law in the state in which the arbitration hearing is held.

b. **Selection Process –** Each party shall receive a list of the names of the same six arbitrators selected by the American Arbitration Association ("AAA"). Each party shall strike any and all names on the list that it deems unacceptable. In the event only one common name remains on each list of the parties, that remaining person shall be appointed as the Arbitrator. In the event more than one common name remains on each list of the parties, then the parties shall strike names alternately, with the Company making the first strike, until only one name remains, and that remaining person shall be appointed as the Arbitrator. In the event no common name appears after the initial striking of names, then an additional list of six arbitrators shall be supplied by the AAA and the striking process shall resume until an Arbitrator is selected.

4. **Discovery.**

a. **Depositions**: Each party shall have the right to take the deposition of one person and of any witness the other party designates as an expert to testify at trial.

b. **Production of Documents:** Each party shall have the right to request the production of documents from the other party.

c. **Subpoena**: Each party shall have the right to subpoena witnesses to attend the hearing and the production of documents pursuant to the course of the arbitration.

d. **Additional Discovery Procedures**: The arbitrator may, at his or her sold discretion and only upon a showing of substantial need, order additional discovery beyond what is explicitly provided for in this ADR

e. **Notification of Witnesses and Exhibits:** In order to use the testimony of any witnesses, including any expert, or any exhibits, a party must supply a written list of any and all witnesses and copies of all exhibits intended to be used at the arbitration hearing no less than 40 days prior to the arbitration. The list of witnesses and copies of exhibits must be supplied to the other party either in person or through certified or registered mail, return receipt requested.

f. **Pre-Hearing Disputes:** In furtherance of the assurance of procedural fairness, the Arbitrator shall have the jurisdiction and authority to hear and rule on any pre-hearing disputes including (but not limited to any discovery) which may arise between the parties to the arbitration.

**C. Arbitration Procedures.**

1. **Generally.** Arbitration shall be in accord with the then-current Model Employment Arbitration Procedures of the AAA.

2. **Law to be applied.** The Arbitrator shall apply the substantive law of the state in which the claim arose, or federal law, or both, as deemed applicable and relevant by the Arbitrator for the claim asserted.

3. **Motion to Dismiss and Summary Judgment**. The Arbitrator shall have the jurisdiction and authority to hear and decide a Motion to Dismiss or a Motion for Summary Judgment by either party. The Arbitrator shall apply the Federal Rules of Civil Procedure in hearing and deciding such a Motion.

4. **Stenographic Record.** Any party desiring a stenographic record of the arbitration hearing shall make arrangements directly with a stenographer and shall notify the other parties of these arrangements in advance of the hearing. The requesting party or parties shall pay the cost of the record. If the transcript is agreed by the parties to be, or determined by the Arbitrator to be, the official record of the proceeding, it must be made available to the Arbitrator and to the other parties for inspection at a date, time, and place determined by the Arbitrator. Either party shall have the right, at its own expense, to receive a written transcript of all of the arbitration proceedings.

5. **Post-Hearing Brief.** The Arbitrator shall have the authority to grant leave to either party, upon their request, to file a post-hearing brief. The Arbitrator shall determine the time limit for filing and the format and contents of the brief.

6. **Written Opinion.** The Arbitrator shall render a written opinion within 60 days after the date of the closing of the hearing. Unless the parties agree otherwise, the written opinion shall be in the form typically rendered in labor arbitrations and executed in the manner required by law.

7. **Confidentiality of Results.** Unless the parties agree otherwise, the result of the arbitration shall be confidential, and may not be disclosed to third parties, including (but not limited to) newspapers or legal publishers.

**D. Scope of the Arbitration and Power of the Arbitrator:**

1. **Arbitrator Shall Resolve All Claims.** Except as otherwise provided in this Agreement, the Arbitrator shall have exclusive jurisdiction to hear and resolve any and all claims covered by this ADR Policy and Procedure, including (but not limited to) disputes relating to the interpretation, applicability, or formation of this Agreement. Except as otherwise provided herein, no court or agency – whether federal, state, local or otherwise – shall have any jurisdiction to hear or resolve any claims covered by this ADR Policy and Procedure.

2. **Scope of Award**. Except as otherwise provided herein, the Arbitrator shall have the authority to award any remedy permitted by law. Except as provided in the immediately following sentence, the Arbitrator shall have the jurisdiction and authority to award specific performance to either party regarding any claim. Notwithstanding the forgoing to the contrary, the Arbitrator may not award either reinstatement of employment or a promotion.

3. **Arbitration is Final and Binding**. The Arbitrator's opinion will constitute a final and binding resolution of any and all claims either party may have against the other. Neither party may appeal the results of the arbitration to any federal, state, local or other court or agency.

**E. Fees and Expenses:**

1. **Arbitrator's Fees and Expenses**. Except as otherwise provided in the Agreement, the parties shall share equally any and all fees and expenses of the Arbitrator. Each party will deposit funds or post other security for its share of the Arbitrator's fee, in an amount and manner determined by the Arbitrator, 10 days before the first hearing.

2. **Attorney's Fees**. Each party shall pay for its own costs and attorneys' fees, if any. However, in the event a party prevails on a statutory claim for which attorneys' fees may be awarded to the prevailing party, or if the parties have a written agreement providing for payment of attorneys' fees to the prevailing party, the Arbitrator has authority to award reasonable attorneys' fees to the prevailing party.

**3. Witness Fees and Expenses**. The fees and expenses of a witness shall be paid by the party producing or subpoenaing such a witness.

**VI. Interstate Commerce**

It is understood that Credit Acceptance Corporation is engaged in transactions involving interstate commerce and that your employment involves such commerce.

credit acceptance

**VII. Provisional Remedies**

You or the Company may file a complaint or commence a court action to obtain an injunction to enforce the provisions of this ADR Policy and Procedure or to seek a preliminary injunction or other provisional relief to maintain the status quo in aid of or pending the application or enforcement of this ADR Policy and Procedure. Despite such action, the parties shall continue to participate in good faith in this ADR Policy and Procedure.

**VIII. Administrative Agencies**

Nothing in this ADR Policy and Procedure is intended to prevent you from filing a complaint or charge with any administrative agency, including, but not limited to, the Equal Employment Opportunity Commission, the Michigan Department of Civil Rights and/or the National Labor Relations Board.

**IX. At-Will Employment/Waiver of Jury or Court Trial**

This ADR Policy and Procedure does not alter the at-will status of your employment. Nothing in this ADR Policy and Procedure limits in any way your right or the Company's right to terminate your employment at any time, for any or no reason, with or without notice. This ADR Policy and Procedure does not require the Company to start the arbitration process before taking disciplinary action of any kind, including without limitation the termination of your employment. *This policy waives any right that you or the Company may have to a jury trial or a court trial of any herein covered employment-related dispute.*

**X. Termination of the ADR Policy and Procedure**

This ADR Policy and Procedure may be terminated by the Company at any time by giving you and all other employees to whom this ADR Policy and Procedure applies at least 90 days written notice of such termination. However, such termination shall not be effective as to any employment-related dispute arising out of events that occur on or before the date of termination of this ADR Policy and Procedure.

**XI. Survival/Requirements for Modification or Amendment**

This ADR Policy and Procedure shall survive the termination of your employment. It can only be modified or amended by a writing signed by the parties which specifically states an intent to modify or amend this ADR Policy and Procedure.

**XII. Sole and Entire Agreement**

This is the complete Agreement of the parties on the subject of ADR Policy and Procedure and the within described employment-related disputes. This ADR Policy and Procedure supersedes any prior or contemporaneous oral or written understanding on the subject. No party is relying on any representations, oral or written, on the subject of the affect, enforceability or meaning of this ADR Policy and Procedure, except as specifically set forth in this ADR Policy and Procedure.

credit acceptance

**XIII. Consideration**

The promised by Credit Acceptance Corporation and you to enter into this ADR Policy and Procedures process and to ultimately, if not resolved otherwise, arbitrate differences, rather than litigate them before courts or other bodies, provide consideration for each other. In addition, your hiring by Credit Acceptance Corporation provides further consideration for this ADR Policy and Procedures Agreement.

**XIV. ADR Agreement**

By your and the Company's signature on the separate Agreement on Alternative Dispute Resolution, you and the Company agree that this ADR Policy and Procedure shall mandatorily apply and be the sole and exclusive method by which you and the Company are required to resolve the hereinbefore described employment-related disputes, to the fullest extent permitted and not prohibited or restricted by law.

Although this ADR Policy and Procedure is common to all subsidiaries and affiliates of Credit Acceptance Corporation (the "entity"), the common application of the ADR Agreement and this ADR Policy and Procedure and the collective reference to the term "Company" do not confer upon any employee any rights as to any entity against which that employee otherwise would not have such rights or subject any entity to any obligations to any employee of another entity towards whom the first entity otherwise would not have any obligation.

**XV. Construction/Savings Provision**

Should any provision of this ADR Policy and Procedure be held invalid, illegal or unenforceable, you and the Company agree that it shall be deemed to be modified so that its purpose can lawfully be effectuated and the balance of this ADR Policy and Procedure shall remain in full force and effect. You and the Company further agree that the provisions of this ADR Policy and Procedure shall be deemed severable and the invalidity or enforceability of any provision shall not affect the validity of enforceability of the other provisions hereof.

**XVI. Duration of Agreement**

I understand and agree that this Agreement will continue in full force and effect both during my entire period of employment with the Company and, if applicable, after my termination of employment with the Company.

**XVII. Heading for Convenience Only**

Headings of the sections in this Agreement are inserted for convenience only and are not to be considered in the construction of any provisions hereof.

**XVIII. Agreement is not an Employment Agreement**

This ADR Policy and Procedure shall not be deemed or construed to be a contract of employment between the Company and me. Nothing is this Agreement shall be deemed or construed to give me the right to be retained in the employ of the Company, or to interfere with the Company's right to discharge me at any time. In addition, this Agreement shall not be deemed or construed to give the Company the right to require me to remain in its employ or interfere with my right to terminate my employment at any time.

Initial

**Applicant's Initials:** SB