**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**SIERRA BRANDON**, individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

**CREDIT ACCEPTANCE CORPORATION**

Defendant.

No.: 2:25-cv-13568-RJW-KGA

## PLAITNIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL INDIVIDUAL ARBITRATION

Defendant asks this Court to compel arbitration based on an agreement that does not apply to this dispute and, even if it did, is unenforceable. As such, Defendant's motion to compel individual arbitration should be denied.

Defendant's own arbitration policy expressly excludes claims valued under $1,000. Using Defendant's evidence and Plaintiff's allegations, Plaintiff's individual FLSA damages fall well below that threshold. The agreement therefore does not apply to this case at all.

Even if this agreement did apply to Plaintiff's claims, which it does not, the arbitration agreement contains provisions that strip employees of core statutory protections. The agreement shortens the FLSA's statute of limitations and requires employees to share the arbitrator's fees—provisions that courts have repeatedly held are incompatible with the effective vindication of statutory rights. These provisions

are not peripheral; they are central features of the arbitration scheme and render the agreement substantively unconscionable and unenforceable.

Because the agreement does not cover Plaintiff's claim and cannot be enforced in any event, Defendant's motion to compel arbitration should be denied.

### A. The Arbitration Agreement's $1,000 Threshold Excludes Plaintiff's Claim From Arbitration

Defendant's motion fails at the threshold because the very arbitration agreement it relies upon expressly excludes this dispute. Defendant's arbitration agreement provides an unambiguous carve-out:

> Claims with an aggregate value of less than one thousand ($1000) dollars are not covered by this ADR policy.

(Dkt. 7-3 at 4). This provision is dispositive. When a contract expressly excludes a category of claims from arbitration, courts must enforce that limitation according to ordinary contract principles. Defendant cannot compel arbitration of a claim the parties agreed would not be arbitrated.

"[T]he applicability of an arbitration provision is fundamentally a matter of contract." *Wilkinson v. Gen. Motors, LLC*, 786 F. Supp. 3d 1089, 1093 (E.D. Mich. 2025) (cleaned up). Here, the agreement expressly excludes claims valued under $1,000 from arbitration. The question is therefore a straightforward contract interpretation issue: what is the maximum value of Plaintiff's claim based on Defendant's own evidence and the allegations of the Complaint?

The Complaint alleges daily off-the-clock work consisting of: 10 to 15 minutes of pre-shift work; 5 minutes of mid-shift work; and 5 to 10 minutes of post-shift work. (Dkt. 1 ¶¶ 43-66). Thus, Plaintiff alleges no more than 30 minutes per workday of unpaid time. And Defendant's offer letter establishes Plaintiff's schedule: a five-week training period working Monday–Friday, 8 a.m. – 5 p.m; followed by a weekly regular schedule working nine-hour shifts, three days a week. (Dkt. 7-2 at 2). Defendant's own exhibit therefore limits the only period in which Plaintiff was scheduled for a workweek at or close to 40 hours to the training period, and thus that training period is the only period in which off-the-clock time could plausibly generate overtime damages. Defendant cannot rely on the offer letter to compel arbitration while ignoring its impact on the damages calculation.

Using Defendant's evidence and Plaintiff's allegations:

- Maximum off-the-clock time per day: 30 minutes
- Training period: 5 weeks × 5 days/week = 25 days
- Total alleged unpaid time: 30 minutes/day × 25 days = 750 minutes = 12.5 hours

Plaintiff's hourly rate was $17.50/hour. (Dkt. 1 ¶ 22). Assuming every minute qualifies as overtime (the most favorable assumption for Defendant's motion): 12.5 hours x $17.50 x 1.5=$328.13. Adding in liquidated damages brings the total possible damages to: $650.26.

If Defendant wished to arbitrate all employment disputes regardless of value, it could have drafted the agreement accordingly. It did not. Instead, it created a clear monetary threshold, and this claim falls squarely below it. Because the agreement expressly excludes claims under $1,000, and because Plaintiff's individual damages fall well below that threshold even under Defendant-favorable assumptions, this dispute is not subject to arbitration as a matter of contract. For this reason alone, Defendant's motion to compel arbitration should be denied.

**B. The Arbitration Agreement Is Unenforceable Because It Prevents the Effective Vindication of Plaintiff's FLSA Rights**

A party seeking to compel arbitration must first establish the existence of a valid and enforceable arbitration agreement. The Federal Arbitration Act ("FAA") provides that arbitration clauses are enforceable only "save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *see also Beauchamp v. Great W. Life Assur. Co.*, 918 F. Supp. 1091, 1094 (E.D. Mich. 1996). Courts therefore remain obligated to apply traditional contract defenses, including unconscionability. *ShaZor Logistics, LLC v. Amazon.com, LLC*, 628 F. Supp. 3d 708, 713 (E.D. Mich. 2022). Under well-settled law, arbitration provisions may be invalidated when they are substantively or procedurally unconscionable, and either form of unconscionability alone is sufficient to render an agreement unenforceable. *ShaZor Logistics*, 628 F. Supp. 3d at 713.

The Supreme Court has repeatedly held that statutory claims may be arbitrated only "so long as the prospective litigant effectively may vindicate [his or her] statutory cause of action in the arbitral form." *Green Tree Financial Corp. v. Randolph*, 531 U.S. 79, 90 (2000) (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991)). The Sixth Circuit has emphasized the same limitation:

> even if arbitration is generally a suitable forum for resolving a particular statutory claim, the specific arbitral forum provided under an arbitration agreement must nevertheless allow for the effective vindication of that claim. Otherwise, arbitration of the claim conflicts with the statute's purpose of both providing individual relief and generally deterring unlawful conduct through the enforcement of its provisions

*Floss v. Ryan's Fam. Steak Houses, Inc.*, 211 F.3d 306, 313 (6th Cir. 2000). Courts consistently refuse to enforce arbitration provisions that limit statutory remedies. *See Paladino v. Avnet Computer Technologies, Inc.*, 134 F.3d 1054, 1062 (11th Cir. 1998) ("When an arbitration clause has provisions that defeat the remedial purpose of the statute, therefore, the arbitration clause is not enforceable"); *Graham Oil Co. v. Arco Products Co.*, 43 F.3d 1244, 1247-48 (9th Cir. 1993) (holding that an arbitration agreement could not limit the statute of limitations under the statute).

Here, the arbitration agreement is substantively unconscionable because it: (1) prevents employees from effectively vindicating their statutory rights under the FLSA; and (2) imposes cost-splitting provisions that deter the pursuit of statutory wage claims.

**i. The One-Year Limitations Period Impermissibly Eliminates FLSA Rights**

Defendant's arbitration agreement signed by Plaintiff includes the following provision, found in section II:

> In order to initiate an ADR proceeding pursuant to this ADR policy and Procedure, the aggrieved party must notify the other party by giving written notice of a claim. Written notice of a claim must be provided within one year of the date the aggrieved party first discovers or had knowledge of the event or series of events that give rise to the claim. Failure to provide written notice as required in this Part will extinguish the claim in it entirety and will be deemed a waiver of the claim ***even if there is a federal or state statute of limitations which would have given more time to pursue the claim***

(Dkt. 7-3 at 5) (emphasis added). This provision is intended to, and does, directly conflict with the FLSA.

Under the FLSA, a two-year statute of limitations applies to the recovery of back pay, except in the case of a willful violation, in which case the limitations period is extended to three years. 29 U.S.C. § 255(a). By imposing a one-year notice requirement that extinguishes claims, the agreement eliminates: at least half of the statutory recovery period, and two-thirds in the case of willful violations. This is not a procedural rule. It is a substantive forfeiture of federally protected rights.

Courts routinely invalidate arbitration provisions that shorten statutory limitations periods. *Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 892 (9th Cir. 2002) (invalidating arbitration agreement with "a strict one year statute of limitation"). In essence, enforcing the arbitration clause and its one-year statute of

limitations would amount to a waiver of an employee's rights under the FLSA. This is contrary to well-established FLSA precedent. The Supreme Court has long held that FLSA rights are non-waivable:

> This Court's decisions interpreting the FLSA have frequently emphasized the nonwaivable nature of an individual employee's right to a minimum wage and to overtime pay under the Act. Thus, we have held that FLSA rights cannot be abridged by contract or otherwise waived because this would "nullify the purposes" of the statute and thwart the legislative policies it was designed to effectuate.

*Barrentine v. Arkansas-Best Freight Sys*., 450 U.S. 728, 740-741 (U.S. 1981) (citing *Brooklyn Savings Bank* v. *O'Neil*, 324 U.S. 697, 707 (1945)).

If the Court were to compel arbitration here, Plaintiff would be forced to abandon a substantial portion of the recovery Congress authorized. That result cannot be reconciled with the principle that arbitration is merely a substitute forum and not a vehicle for diminishing statutory rights. The one-year limitations provision therefore renders the arbitration agreement substantively unconscionable and unenforceable.

**ii. The Arbitrator Fee-Sharing Requirement Is Unconscionable**

The agreement independently fails because it requires the parties to share equally the fees and expenses of the arbitrator. Under Section V(E)(1) of the arbitration agreement, the parties "share equally any and all fees and expenses of the Arbitrator." (Dkt. 7-3 at 8). The Sixth Circuit has held that arbitration cost-splitting provisions are unenforceable when they would deter a substantial number of

similarly situated employees from bringing claims. *Morrison v. Cir. City Stores, Inc.*, 317 F.3d 646, 658–63 (6th Cir. 2003). "[E]mployers should not be permitted to draft arbitration agreements that deter a substantial number of potential litigants from seeking any forum for the vindication of their rights." *Id.* at 658. Courts must evaluate the claimant's ability to pay, the expected cost of arbitration compared to litigation, and whether the difference would discourage workers from pursuing statutory rights. *Id.*

Those considerations weigh heavily against enforcement here. Arbitrators charge hundreds of dollars per hour, and employment arbitrations often require multiple days of hearings and pre-hearing proceedings. *Trends in Arbitrator Compensation*, Dispute Resolution Magazine (Spring 2017) https://www.americanbar.org/content/dam/aba/publications/dispute_resolution_magazine/spring2017/3_rothman_trends_in_arbitrator.pdf (describing AAA arbitrator fees as ranging from $300 per hour to $1,150 or more per hour). For hourly workers earning modest wages, the prospect of paying half of those costs presents a substantial barrier to pursuing statutory claims. Plaintiff alleges she earned $17.50 per hour. (Dkt. 1 ¶ 22). Workers in this wage range cannot realistically risk thousands of dollars in arbitration fees to recover relatively small amounts of unpaid wages.

Courts in this district have refused to enforce cost-sharing provisions involving hourly employees. *See DeOrnellas v. Aspen Square Mgmt., Inc.*, 295 F. Supp. 2d 753, 765 (E.D. Mich. 2003) (refusing to enforce cost-sharing provision where plaintiff was an hourly worker, not a high-level management employee). Because "the cost-splitting provision would deter a substantial number of similarly situated potential litigants, [the Court] should refuse to enforce the cost-splitting provision in order to serve the underlying functions of the federal statute." *Morrison*, 317 F.3d at 663. This cost-sharing provision poses precisely the type of deterrent effect the Sixth Circuit warned against and should be held to be unconscionable and unenforceable.

**iii. The Unlawful Provisions Cannot Be Severed and the ADR Agreement Must Be Declared Unenforceable in Its Entirety**

Defendant may argue that even if the Court finds the limitations and cost-splitting provisions unlawful, the Court should sever those provisions and compel arbitration anyway. That argument fails.

While previous courts have held that cost-splitting provisions, by themselves are severable, in those cases "[t]he court reasoned that the cost-splitting provision was not interwoven with the rest of the agreement and could be deleted without affecting the rest of the agreement's provisions." *Lea Graham v. Word Enters. Perry, LLC,* No. 18-CV-10167, 2019 WL 2959169, at *4 (E.D. Mich. June 18, 2019). Here, the combination of the clear attempt in the agreement to destroy statutes of

limitations plus the cost-sharing provisions are so pervasive that they render the entire agreement unenforceable. While there are other examples of arbitration agreements creating their own strict statute of limitations, Plaintiff has been unable to find any so boldly unlawful and unconscionable as to *clearly state* the intent of the agreement is to extinguish all statutory statutes of limitations that exceed one-year.

Defendant should not be rewarded for drafting an arbitration policy that unlawfully restricts employee rights, thereby deterring employees from pursuing lawful claims. Allowing the unconscionable provisions to be severed would incentivize similar overreaching in the future.

Severance is particularly inappropriate here because removing the unlawful provisions would require the Court to rewrite core terms of the ADR policy, including the timing requirements and cost allocation rules governing arbitration. Ordinary contract principles do not authorize courts to salvage defective arbitration agreements by redrafting them.

Because the limitations provision and cost-splitting provision are integral to the arbitration agreement's scheme and collectively render the arbitration process fundamentally unfair, the arbitration agreement must be declared unenforceable in its entirety.

### C. Conclusion

Defendant seeks to compel arbitration based on an agreement that, by its own terms, excludes this dispute. Even if the agreement applied, it contains provisions that eliminate statutory rights and deter employees from pursuing FLSA claims, rendering the agreement substantively unconscionable and unenforceable. These unlawful provisions cannot be severed without rewriting the parties' contract, and the Court should decline to enforce the arbitration agreement in its entirety.

For all of these reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Compel Individual Arbitration and permit this case to proceed in this Court, together with any other relief the Court deems appropriate.

Dated: February 10, 2026

Respectfully Submitted,

*/s/Kevin J. Stoops*
Kevin J. Stoops (P64371)
Sommers Schwartz, P.C.
One Towne Square
17th Floor
Southfield, Michigan 48076
(248) 355-0300
kstoops@sommerspc.com

*Attorneys for Plaintiff and the putative Collective/Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2026, I electronically filed the foregoing document using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

*/s/ Kevin J. Stoops*

Kevin J. Stoops (P64371)
SOMMERS SCHWARTZ, P.C.
One Towne Square, 17th Floor
Southfield, Michigan 48076
Phone: (248) 355-0300
Email: kstoops@sommerspc.com