UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIERRA BRANDON, individually, and on behalf of all others similarly situated,

Plaintiff(s),

v.

CREDIT ACCEPTANCE CORPORATION,

Defendant.

Case No.: 25-cv-13568

Hon. Robert J. White
Mag. Kimberly G. Altman

KEVIN J. STOOPS (P64371)
SOMMERS SCHWARTZ, P.C.
*Attorneys for Plaintiff(s)*
One Towne Square
17th Floor
Southfield, Michigan 48076
t: 248.355.0300
kstoops@sommerspc.com

JOSHUA P. LUSHNAT (P75319)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PLLC
*Attorneys for Defendant*
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
t: 248.593.6400
f: 248.283.2925
joshua.lushnat@ogletree.com

**DEFENDANT'S REPLY BRIEF SUPPORTING ITS MOTION TO COMPEL INDIVIDUAL ARBITRATION**

## I. INTRODUCTION

Notably, Plaintiff does not oppose Defendant's position that if arbitration is ordered in this matter (as it should be), it must be on an individual basis. She also does not challenge the making of the agreement. As for the arguments Plaintiff did make, they do not permit (let alone require) denial of Defendant's Motion.

## II. PLAINTIFF'S CLAIMS ARE WITHIN THE SCOPE OF THE ARBITRATION AGREEMENT

The *only* argument Plaintiff makes to remove her claims from the scope of the arbitration agreement is that her claim is for less than one thousand dollars, because—as she argues—she is only seeking overtime for thirty minutes per day for her five week training period (PageID.118). However, Plaintiff's Complaint (ECF No. 1) did not plead only an individual claim for alleged unpaid overtime during the training period. The Complaint asserts claims for "substantial amounts of uncompensated, off-the-clock time" worked daily "[t]hroughout her employment" that included "worked overtime and non-overtime hours." *Id.* Indeed, to overcome the limitations of the FLSA, Plaintiff pled claims for breach of contract (Count II: PageID.18) and unjust enrichment (Count III: PageID.20) to recover lost wages beyond FLSA-required overtime. Her response omits these claims.

If Plaintiff calculates her FLSA overtime claim to be worth $650.26 (PageID.118) in unpaid overtime for five days per week over five weeks, her math calculates her unpaid time under Counts II and III at a rate of $26.25 ($17.50 x 1.5

hours per week, based on 3 day workweek) per week. Plaintiff was employed by Defendant for more than fourteen weeks beyond her training period—meaning, applying her math, her damages exceed one thousand dollars ($650.26 + ($26.25 x 14) = $1,017.76). Additionally, Plaintiff's calculation of $650.26 does not account for the attorneys' fees she is seeking, which will undoubtedly exceed $349.74. In short, Plaintiff's actual claims clearly exceed the aggregate value threshold.[1]

## III. THE ARBITRATION AGREEMENT IS NOT UNCONSCIONABLE

**Plaintiff's argument contradicts Supreme Court precedent**. In *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010), the SCOTUS made clear that there are two types of validity challenges: (1) a challenge specifically to the validity of the arbitration requirement, and (2) a challenge to the contract as a whole, including on the ground that the illegality of one of the contract's provisions renders the whole contract invalid. *Id.*, at 70. Plaintiff's challenge falls into the second category. This does not affect the arbitration requirement, as "a party's challenge to another provision of the contract, or the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate" because the FAA holds that arbitration agreements are valid, irrevocable, and enforceable "without mention of the validity of the contract in which it is contained." *Id.* "Thus, in an employment contract many

[1] Plaintiff also ignores that her Complaint alleges class and collective allegations such that inclusion of just one other individual—even under Plaintiff's limited view of her claims—would result in aggregate claims of more than one thousand dollars.

elements of alleged unconscionability applicable to the entire contract would not affect the agreement to arbitrate alone." *Id.* at 71. Accordingly, challenging two provisions does not affect the enforcement of the arbitration provision.

**Plaintiff misstates the law.** Plaintiff claims that under "well-settled law, arbitration provisions may be invalidated when they are substantively or procedurally unconscionable, and either form of unconscionability alone is sufficient" (PageID.119). Plaintiff omits which state's "well-settled law." Plaintiff overlooks that the *ShaZor Logistics, LLC v. Amazon.com, LLC*, 628 F. Supp. 3d 708 (E.D. Mich., 2022), court was contractually bound to apply Washington state law. The law in Michigan is not amenable to Plaintiff's "either/or" argument. In Michigan:

> "[f]or a contract or contract provision to be considered unconscionable, **both procedural and substantive unconscionability must be present**. Procedural unconscionability exists where the weaker party had no realistic alternative to acceptance of the term. Substantive unconscionability exists where the challenged term is not substantively reasonable… a term is substantively unreasonable where the inequity of the term is so extreme as to shock the conscience.

*Mercurio v. Huntington Nat. Bank*, 347 Mich. App. 662, 679-680 (2023).

**Plaintiff does not argue procedural unconscionability.** Plaintiff spends her response arguing that the shortened limitations and the cost-sharing provisions are substantively unconscionable. She never argues that either provision—or the arbitration provision—is procedurally unconscionable. This is fatal to Plaintiff's

argument, as Michigan law requires both. See, e.g., *Mercurio, supra; Dean v. Haman*, 2006 WL 1330325 (Mich. App., May 16, 2006).

**Plaintiff has not demonstrated substantive unconscionability.** "Substantive unconscionability requires courts to analyze the reasonableness of the challenged term." *Rayford v. American House Roseville I, LLC*, -- N.W.3d --, 2025 WL 2177754 (Mich. App., July 31, 2025). This requires a case-specific factual analysis. *Id.;* and *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646 (6th Cir. 2003) (requiring case-by-case analysis of reasonableness of cost-sharing provision). Here, Plaintiff alleges no facts or argument regarding reasonableness and simply argues that the limitations period and cost-sharing provision are unenforceable.[2] Importantly, Plaintiff's argument that two unconscionable provisions render the entire agreement unenforceable is not supported by law.

## IV. EVEN IF UNCONSCIONABLE, THE SHORTENED LIMITATIONS PERIOD AND COST-SHIFTING PROVISION DO NOT RENDER THE ENTIRE AGREEMENT UNCONSCIONABLE OR UNENFORCEABLE

Even if the challenged provisions were unenforceable, it would not vitiate the arbitration agreement. Severance would be required. Contradicting Plaintiff's argument that severance is inappropriate based on "[o]rdinary contract principles"

---

[2] This Court has actually found cost-sharing provisions to be enforceable in certain cases. See, e.g., *Imbrunone v. School Dist. Of City of Hamtramck*, 2023 WL 5489022 (E.D. Mich., Aug. 24, 2023).

(PageID.125) is the actual provision at issue—which Plaintiff does not challenge as valid—wherein the parties agreed:

> Should any provision of this ADR Policy and Procedure be held invalid, illegal or unenforceable, you and the Company agree that it shall be deemed to be modified so that its purpose can lawfully be effectuated and the balance of this ADR Policy and Procedure shall remain in full force and effect. You and the Company further agree that the provisions of this ADR Policy and Procedure shall be deemed severable and the invalidity or enforceability of any provision shall not affect the validity or enforceability of the other provisions hereof.

(PageID.92). That is, Plaintiff agreed that any invalid provision (here, claimed to be the limitations period and the cost-sharing provision) should simply be severed and "not affect the validity or enforceability of the other provisions." *Id.*

Under the FAA, "as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract." *Rent-A-Center, West, Inc.*, *supra* (cite omitted). Under Michigan law, severability turns on the parties' intent as captured by their written agreement. *Samuel D. Begola Servs., Inc. v. Wild Bros.*, 210 Mich. App. 636 (1995). The Court is bound by the parties' intention in this regard, and "should not lightly conclude that a particular provision of an arbitration agreement taints the entire agreement." *Morrison,* at 675. The parties unequivocally intended any unenforceable provision be severed from the agreement without affecting the validity of the arbitration or other provisions.

Sixth Circuit precedent requires severance in this circumstance. In *Morrison, supra*, the Sixth Circuit evaluated the plaintiff's argument that the employment

arbitration agreement at issue should be wholly invalidated as unconscionable "because it contains unfair and unreasonable terms concerning remedies, the payment of arbitration fees, discovery, and the limitations period for requesting arbitration." *Id.*, at 666. Like the argument Plaintiff fashions here with respect to the limitations period, the remedy limitation clause in *Morrison* operated to limit the plaintiff's available damages. Yet, this was of no consequence to the arbitration requirement. *Morrison* held that the limitation of remedies and cost-sharing provisions were unenforceable but that they did *not* invalidate the entire agreement. This was due to the parties' severance clause, which under Ohio law (mirroring Michigan's), required severance of unenforceable provisions without affecting the balance of the agreement. Stated otherwise, the *Morrison* court held that it was "the parties' intent 'to sever any terms determined to be invalid and to allow all claims to proceed to arbitration under the remaining provisions of the agreement.'" *Morrison*, *supra.* As such, the case belonged in arbitration—even without those terms. See, also, *Scovill v. WSYX/ABC*, 425 F.3d 1012 (6th Cir. 2005); *McBratnie v. Amazon.com, Inc.*, 2025 WL 2237367 (E.D. Mich., May 20, 2025); *Southerland v. Corp. Transit of Amer.*, 2014 WL 4906891 (E.D. Mich., Sept. 30, 2014); *Ozormoor v. T-Mobile USA, Inc.*, 2010 WL 3272620 (E.D. Mich., Aug. 19, 2010); *DeOrnellas v. Aspen Square Management, Inc.*, 295 F. Supp. 2d 753 (E.D. Mich. 2003).

Lastly, severance is not redrafting or rewriting. Plaintiff is wrong in this regard (again, evidenced by the lack of legal support) (PageID.125). The Sixth Circuit has made clear in a similar case, where it ordered arbitration but held a cost-sharing provision unenforceable, that "[w]hen a court severs a condition of a contract ('the usual remedy for substantively unconscionable terms'), it entirely disregards 'the unconscionable' condition and 'enforces the remainder of the contract.' A court's severance power 'is not a power of reformation'" *Gavin v. Lady Jane's*, 135 F.4th 461, 465 (6th Cir. 2025). Severance does not require this Court to re-write the parties' agreement, it only requires that any unenforceable provisions be disregarded, leaving the balance—consistent with the parties' agreement.

So, while the limitations period and cost-sharing provision may be found unenforceable, they do not affect the requirement to arbitrate. If the Court finds these provisions unenforceable, they should be severed and Plaintiff should still be compelled to individually arbitrate her claims. Plaintiff's faulty arguments do not require otherwise.

Respectfully submitted,
*s/ Joshua P. Lushnat*
Joshua P. Lushnat (P75319)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PLLC
*Attorneys for Defendant*

Dated: February 16, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2026, I electronically filed the foregoing paper with the Clerk of the court using the ECF system, which will send notification of such filing to all attorneys of record.

*s/Joshua P. Lushnat*
JOSHUA P. LUSHNAT (P75319)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIERRA BRANDON, individually, and on behalf of all others similarly situated,

Plaintiff(s),

v.

CREDIT ACCEPTANCE CORPORATION,

Defendant.

Case No.: 25-cv-13568

Hon. Robert J. White
Mag. Kimberly G. Altman

---

**BRIEF FORMAT CERTIFICATION**

---

I, Joshua P. Lushnat, certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1, and Judge White's Case Management Requirements, including the following (click each box to indicate compliance):

☒ the [original motion] brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are filed in searchable PDF format, *see* Case Management Requirements § III.A;

☒ except for footnotes and necessary block quotes, the brief is double spaced (<u>not</u> "Exactly 28 pt" spaced) with one-inch margins, *see* LR 5.1(a)(2);

☐ deposition transcripts have been produced in their entirety (<u>not</u> in minuscript), *see* Case Management Requirements § III.A;

☒ if the brief and exhibits total 50 pages or more, I will mail to chambers a courtesy copy with ECF headers, *see* Case Management Requirements § III.B.

I also acknowledge that my brief will be stricken from the docket if the Court later finds that these requirements are not met.

/s/ Joshua P. Lushnat
JOSHUA P. LUSHNAT (P75319)
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, PLLC
*Attorneys for Defendant*
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
t: 248.593.6400
f: 248.283.2925
joshua.lushnat@ogletree.com